IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN BELL :<br>:<br>: Plaintiff :<br>vs. :<br>:<br>READING HOSPITAL :<br>:<br>Defendant : | CIVIL ACTION NO. 13-5927 |

### MEMORANDUM OPINION

**Henry S. Perkin, M.J.**                                                                                       **April 21, 2015**

      This matter is before the Court on defendant Reading Hospital's informal letter motion dated December 15, 2014 wherein defendant submitted a threshold discovery dispute pertaining to this matter. Plaintiff Susan Bell provided an informal letter response to the undersigned on January 5, 2015, and defendant submitted an informal letter reply on January 7, 2015.

      This matter is assigned to the Honorable James Knoll Gardner. Pursuant to Judge Gardner's Standing Order dated March 19, 2007, discovery disputes are to be resolved by the undersigned. Having reviewed and considered the contentions of the parties, the Court is prepared to rule on this matter.

I.    Background

      This case is an opt-in collective action under the Fair Labor Standards Act, 26 U.S.C. § 216 ("FLSA"). The conditionally-certified class currently consists of Named Plaintiff Susan Bell and 121 opt-in plaintiffs. The Complaint, filed on October 9, 2013, alleges that

Reading Hospital violated FLSA by failing to pay plaintiffs' wages owed for work performed during their unpaid meal breaks. According to the informal submissions of defendant, the plaintiffs worked in different jobs and shifts, under different supervisors, and across approximately 39 departments in multiple facilities.

II.     Discussion

According to defendant's informal submissions, it intends to begin discovery by submitting a Questionnaire to each of the approximately 122 opt-in plaintiffs. Based on the responses to the Questionnaire, defendant then seeks to depose up to 50% of the 122 opt-in plaintiffs. Defendant avers that its plan permits the number and type of individualized inquiries necessary for determining the threshold issue for final class certification in this case: whether the opt-in plaintiffs are similarly situated. Plaintiffs oppose defendant's discovery plan and maintain that defendant should be limited to conducting discovery on a smaller representative sample of class members. For the following reasons, we agree with defendant, and will permit defendant to serve its proposed Questionnaire (attached as Exhibit A to its informal letter motion dated December 15, 2014) on each of the 122 plaintiffs and opt-in plaintiffs. We further conclude, however, that defendant should be limited to deposing up to 35 of the plaintiffs and opt-in plaintiffs in this matter.

In order to advance their claims collectively, plaintiffs are required to move for final certification of the FLSA class pursuant to 29 U.S.C. § 216 (b). The Third Circuit has embraced a two-step approach to certification of an FLSA collective action. Jarosz v. St. Mary Medical Center, 2014 WL 4722614, *7 (E.D. Pa. Sept. 22, 2014) (McLaughlin, J.) (citing Zavala v. Wal Mart Stores Inc., 691 F.3d 527, 536-537 (3d Cir.2012). In the first step, the district court

applies a fairly lenient standard for conditional certification that requires only substantial allegations that the members of the collective action were victims of a single decision, policy, or plan. Id.

A stricter standard, however, applies with respect to final certification. To certify an FLSA collective action for trial, a district court must make a finding of fact that the members of the collective action are similarly situated. Id. A plaintiff bears the burden of proving the opt-in plaintiffs are similarly situated by a preponderance of the evidence. Id. To determine whether the members of the collective action are similarly situated, the court should consider all of the relevant factors and make a factual determination on a case-by-case basis. Id. Relevant factors include:

> whether the plaintiffs are employed in the same corporate department, division, and location; whether they advance similar claims; whether they seek substantially the same form of relief; and whether they have similar salaries and circumstances of employment. Plaintiffs may also be found dissimilar based on the existence of individualized defenses.

Id.

Defendant, by its proposed Questionnaire, seeks discovery in this matter with respect to the foregoing factors. Depending upon the responses received to the Questionnaire, this information may be relevant to a motion to decertify the class. Accordingly, we find the Questionnaire submitted by defendant both relevant and appropriate.

Further, as correctly noted by defendant's informal letter motion, courts in this Circuit agree that requiring opt-in plaintiffs to complete questionnaires is a routine and unburdensome form of written discovery. See Zavala v. Wal-Mart Stores Inc., 691 F.3d 527, 531

(3d Cir. 2012) (in a class of over 100 individuals, the court "required each opt-in plaintiff to file a questionnaire in a specific format detailing his/her personal information, working conditions, compensation, etc."); Camesi v. Univ. of Pittsburgh Medical Center, 2010 WL 2104639, *11 (W.D. Pa. May 24, 2010) ("with respect to the questionnaires . . . the Court cannot think of a less onerous form of discovery); Lusardi v. Xerox Corp., 747 F.2d 174, 176 (3d Cir. 1984) ("The court characterized the notice and questionnaire as a discovery device that ultimately would enable it to determine whether a group of 'similarly situated' individuals in fact exists.").

This Court has reviewed defendant's proposed Questionnaire, and does not find it to be overly burdensome. Moreover, we note that while plaintiffs have explicitly objected to this type of discovery,[1] plaintiffs have not raised any specific objections to the Questionnaire itself. Again, we find defendant's proposed Questionnaire to be an effective tool of discovery in this matter, and conclude that it is appropriately tailored to the factors which would be considered by the district court with respect to final certification.

With respect to defendant's proposal to depose up to 50% of the opt-in plaintiffs in this matter, we conclude that allowing defendants to depose that many individuals is not appropriate at this time. Rather, we conclude that defendant should be limited to deposing up to 35 of the opt-in plaintiffs. In the event that defendant later determines that additional depositions are warranted, it may notify the Court by informal motion, and provide justification for same.

---

[1] As noted above, plaintiffs aver that defendant should be limited to conducting discovery on a smaller representative sample of class members.

IV.     Conclusion

For the foregoing reasons, and for the reasons submitted by defendant in its informal letter motion and reply, we grant defendant's informal letter motion, and will permit defendant to serve its proposed Questionnaire upon each of the 122 plaintiffs and opt-in plaintiffs.  We conclude, however, that defendant's informal motion is denied to the extent that it seeks to depose up to 50% of the opt-in plaintiffs.  Rather, we conclude at this time that defendant shall be limited to deposing up to 35 of the plaintiffs and opt-in plaintiffs.  Should defendant determine that additional depositions are warranted, it shall submit a separate request to the Court.

An appropriate order follows.